UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------x
VICTOR TECHNOLOGY, LLC,

          Plaintiff,

   - against -

THE SUPPLIER HUB,

          Defendant.
---------------------------------------------------------------x

Civil Action No. 20-cv-6345

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiff, Victor Technology, LLC ("Victor"), for its Complaint against, Defendant, The Supplier Hub, alleges as follows:

## NATURE OF ACTION

1. This is an action for unfair competition under the Lanham Act, 15 U.S.C. §1125(a) and Illinois law, tortious interference with contract, and tortious interference with prospective business advantage, based on The Supplier Hub's unauthorized purchase, sale, offering for sale, and distribution of certain Sharp Corporation branded products, including but not limited to, Sharp calculators (collectively "Unauthorized Products") in the United States.

2. The Supplier Hub's conduct unfairly competes with Victor, and tortiously interferes with Victor's contracts and prospective business opportunity, and further misleads and harms consumers, as well as Victor.

## PARTIES

3. Victor is an Illinois limited liability corporation with its principal place of business at 100 E Crossroads Parkway, Suite C, Bolingbrook, IL 60440.

4. Victor markets and sells printing calculators, scientific calculators, financial calculators, basic calculators, desktop accessories, office supplies, and standing desks converters, and is the exclusive distributor of Sharp-branded calculators in the United States and Latin America.

5. Upon information and belief, The Supplier Hub has a principal place of business in Middletown, Delaware.

6. The Supplier Hub markets and sells electronics, computer parts and office supplies, including calculators, bar code readers, POS equipment, label printers, access control equipment, throughout the United States, including, but not limited to the Unauthorized Products.

## JURISDICTION AND VENUE

7. This court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). This court has original jurisdiction over the subject matter of count I under 28 U.S.C. § 1338(b). This court has supplemental jurisdiction over the subject matter of counts II and III under 28 U.S.C. § 1367. This court also has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a).

8. Personal jurisdiction over The Supplier Hub is proper in this District because it has availed itself of the rights and benefits of the laws of Illinois, it has derived substantial revenue from sales of Unauthorized Products in Illinois, and it has systematic and continuous business contacts with Illinois, through, *inter alia*, its sale and/or offer for sale of products, including, but not limited to, the Unauthorized Products, through Amazon.com.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because The Supplier Hub has systematic and continuous business contacts with Illinois.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. Victor is a well-known distributor and seller of printing calculators, scientific calculators, financial calculators, basic calculators, desktop accessories, office supplies, and standing desks converters.

11. Victor's products are sold throughout North America, including the United States, Canada, and Latin America, by independent office supply dealers, online retailers, and large contract stationers like Staples and Office Depot.

12. Since at least April 2015, Victor has been the exclusive distributor and importer of Sharp Corporation ("Sharp") branded calculators in the United States and Latin America. All U.S. distributors, wholesalers, ecommerce resellers, dealers and traditional resellers involved in the sale or distribution of Sharp branded calculators in the U.S. are required to obtain all Sharp-branded calculators exclusively from Victor. (See Exhibit A, February 16, 2018 Sharp Letter).

13. Victor's exclusive distribution arrangement with Sharp authorizes Victor to exclusively purchase from Sharp, and exclusively import into and distribute for resale in the United States, Sharp branded calculators.

14. Resellers purchase and then resell Sharp products distributed by Victor because of Victor's reputation and good will, Victor's vast and exclusive distribution network, the high quality and reliability of the products Victor distributes and sells, and the customer service and support that Victor provides customers that purchase such products through Victor.

15. As part of the agreements and/or arrangements that Victor has with resellers, distributors, and Sharp, Sharp-branded products distributed by Victor to resellers to be sold to end-users in the United States and Latin America must be purchased and sold in accordance with

3

certain pricing requirements and obligations to minimize unnecessary competition between resellers and unauthorized and/or counterfeit products in the United States.

16. Since Victor is the authorized exclusive distributor of Sharp-branded calculators, end-users that purchase Sharp-branded calculators through the exclusive Victor distribution network are entitled to full-warranty coverage of such Sharp-branded products. However, Sharp-branded calculators purchased in the United States and/or Latin America not obtained through the Victor exclusive distribution network are not authorized, and thus could have problems receiving proper warranty coverage.

17. The Unauthorized Products include, but are not limited to, Sharp-branded calculator model numbers EL2196BL, EL1197P, EL1611V, EL2630P, EL1801V, EL1750, EL 1611V, EL 1901, VX2120V, EL1501, and EL310WB.

### The Supplier Hub's Unauthorized Products

18. Upon information and belief, The Supplier Hub induced either the Chinese manufacturer to produce, provide, and/or sell to The Supplier Hub, and/or induce one of Victor's authorized distributors to provide and/or sell to The Supplier Hub, the Unauthorized Products.

19. Upon information and belief, The Supplier Hub purchased the Unauthorized Products knowing such Unauthorized Products are not authorized for resale in the United States, because they were obtained and/or purchased at a significantly lower cost than authorized products, and/or were otherwise obtained outside of the Victor authorized exclusive distribution network.

20. The Supplier Hub has and continues to sell, offer for sale, and distribute the Unauthorized Products in the United States, and/or import Unauthorized Products into the United States, including, but not limited to, through Amazon.com and/or thesupplierhub.com.

21. The Supplier Hub sells and offers to sell Unauthorized Products substantially below Victor pricing requirements.

22. The Supplier Hub has known of the existence of the Victor's exclusive distributorship arrangement with Sharp since as early as June 5, 2020.

23. On July 20, 2020, counsel for Victor wrote to The Supplier Hub again informing The Supplier Hub of the nature of Victor's exclusive distribution network with Sharp branded calculators, and that The Supplier Hub was unlawfully selling Unauthorized Products, and demanding that The Supplier Hub immediately cease and desist from importing, selling, and/or offering to sell the Unauthorized Products in the United States.

## COUNT I
## Unfair Competition under the Lanham Act, §43(a) '539 Patent

24. Victor repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Victor is the exclusive distributor of Sharp-branded calculators in the United States and Latin America.

26. The Supplier Hub has knowingly induced Sharp/Victor's Chinese manufacturer, and/or others within Victor's authorized distribution network, to provide and/or sell Unauthorized Products to The Supplier Hub, so that The Supplier Hub could resell such Unauthorized Products in the United States without Victor's consent or authorization.

27. The Supplier Hub's conduct is likely to lead ordinary consumers and purchasers of the Unauthorized Products to believe that The Supplier Hub is an authorized distributor of such Unauthorized Products, in violation of 15 U.S.C. § 1125(a).

28. The Supplier Hub's purchase, importation, and sale of Unauthorized Products in the United States, as alleged herein, constitutes a false or misleading description of fact, or false

or misleading representation of fact, including, *inter alia*, that implication that The Supplier Hub is an authorized distributor of the Unauthorized Products in the United States, when it is not.

29. The Supplier Hub's conduct is willful and intended to, and is likely to, cause consumer confusion, mistake, and/or deception as to the authenticity and/or ability of The Supplier Hub to sell and/or support Unauthorized Products.

30. The Supplier Hub's conduct as alleged herein constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Moreover, since The Supplier Hub is not an authorized distributor of Sharp-branded calculators in the United States, The Supplier Hub's Unauthorized Products sold to end-users in the United States could have warranty coverage issues, and end-users are unknowingly purchasing such Unauthorized Products from The Supplier Hub with the expectation of such full warranty coverage, and when such end-users attempt to claim warranty coverage for such Unauthorized Products but are be unable to do so, it is likely that such end-users will confusingly blame Victor.

32. As a direct and proximate result of The Supplier Hub's conduct, Victor is entitled, pursuant to 15 U.S.C. § 1117(a), to recover: (i) The Supplier Hub's profits related to all sales of Unauthorized Products; (ii) any damages sustained by Victor as a result of The Supplier Hub's conduct, the amount of which shall be established by Victor at trial; and (iii) the costs of this action.

33. In addition, Victor has been, and continues to be, irreparably harmed by The Supplier Hub's conduct, in a manner which is impossible to quantify, and Victor has no adequate remedy at law for this ongoing harm. Victor therefore seeks injunctive relief to prohibit The Supplier Hub's continued conduct.

## COUNT II
## Unfair and Deceptive Trade Practices Under 815 ILCS 510/2

34. Victor repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. The Supplier Hub's acts and conduct described above further constitute unfair competition in violation of Illinois law, 815 ILCS 510/2, as they are unlawful, fraudulent, unfair, misleading, and likely to deceive the public.

36. As a result of The Supplier Hub's acts and conduct of unfair competition, Victor is entitled to restitution of The Supplier Hub's profits and other ill-gotten gains by The Supplier Hub, including, costs and fees, as authorized pursuant to 815 ILCS 510/3.

37. In addition, Victor has been, and continues to be, irreparably harmed by The Supplier Hub's conduct, in a manner which may be impossible to quantify, and Victor has no adequate remedy at law for this ongoing harm. Victor therefore seeks injunctive relief to prohibit The Supplier Hub's conducted conduct.

## COUNT III
### Tortious Interference with Contract

38. Victor repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

39. At all relevant times, Victor is a party to an agreement with Sharp and others in Victor's authorized distribution network, including, but not limited to, authorized resellers Victor's arrangement with Sharp provides Victor with the exclusive right to purchase, sell and distribute Sharp-branded calculators in the United States.

40. At all relevant times, The Supplier Hub was aware, or should have been aware, of the agreement and/or relationship between Victor and Sharp and others in Victor's authorized distribution network, not the least of which that Victor advised The Supplier Hub of such exclusive arrangements, and that Victor and/or its contractors was, and until recently is, the only authorized distributor of Sharp-branded calculators within the United States.

41. Despite knowing about the Victor relationships, and the exclusive rights granted to Victor therein regarding distribution of Sharp-branded calculators in the United States, The Supplier Hub induced the Chinese manufacturer and/or others within the authorized Victor distribution network to provide Unauthorized Products at a significantly lower cost, import such Unauthorized Products into the United States, and/or sell and/or offer for sell the Unauthorized Products at a price below pricing requirements.

42. The Supplier Hub was not justified in interfering with the Victor's relationships. As a direct and proximate cause of The Supplier Hub's tortious interference with Victor's contractual relationships, Victor has been damaged in an amount yet unknown.

43. In addition, Victor has been, and continues to be, irreparably harmed by The Supplier Hub's conduct, in a manner which may be impossible to quantify, and Victor has no

adequate remedy at law for this ongoing harm. Victor therefore seeks injunctive relief to prohibit The Supplier Hub's continued conduct.

## COUNT IV
### Tortious Interference with Prospective Business Advantage

44. Victor repeats and realleges paragraphs 1 through 23 and 38 through 43 hereof, as if fully set forth herein.

45. Until the events giving rise to this action, Victor had maintained valid relationships, or the expectancy of relationships, with its suppliers, resellers, and distributors relating to the sale and continued sale of Sharp-branded calculators in the United States. Victor reasonably expected that these relationships would continue and would not be unjustifiably disrupted.

46. Because The Supplier Hub is an unfair and unlawful competitor of Victor and Victor's authorized resellers and distributors with regard to Sharp-branded calculators, The Supplier Hub was and remains aware of these relationships and/or expectancies.

47. Notwithstanding its knowledge of the existence of these relationships and expectancies, The Supplier Hub intentionally and unjustifiably is selling Unauthorized Products via online retailers, such as Amazon.com, at a price significantly below Victor's pricing requirements, causing Victor's distributors and resellers to cease doing business with Victor, and begin doing business with The Supplier Hub.

48. As a result of The Supplier Hub's tortious interference with Victor's prospective business relationships with its distributors and resellers, Victor has been damaged in an amount yet unknown.

49. In addition, Victor has been, and continues to be, irreparably harmed by The Supplier Hub's conduct, in a manner which may be impossible to quantify, and Victor has no

adequate remedy at law for this ongoing harm. Victor therefore seeks injunctive relief to prohibit The Supplier Hub's continued conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Victor requests judgment against Supplier Hub as follows:

1. Adjudging that The Supplier Hub has unfairly competed with Victor in violation of 15 U.S.C. § 1125(a) and Illinois law;

2. Adjudging that The Supplier Hub has tortuously interfered with Victor's valid contractual relationships and/or prospective contractual relationships, in violation of Illinois common law;

3. Permanently enjoining The Supplier Hub, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from continuing to import, sell, offer for sale and/or otherwise distribute the Unauthorized Products;

4. Ordering The Supplier Hub to pay to Victor all of The Supplier Hub's profits relating to the sale of Unauthorized Products, including pre-judgment and post-judgment interest and costs;

5. Ordering Supplier Hub to account and pay damages adequate to compensate Victor for its unfair competition, including pre-judgment and post-judgment interest and costs;

6. Finding that this case is exceptional, and awarding Victor its attorneys' fees, pursuant to 15 USC §1117(a);

7. Awarding such other and further relief as this Court deems just and proper.

Dated: October 26, 2020                    SEYFARTH SHAW LLP


                                           By:   */s/Vincent M. Smolczynski*
                                           Joseph R. Lanser
                                           Vincent M. Smolczynski
                                            SEYFARTH SHAW LLP
                                           233 South Wacker Drive
                                           Suite 8000
                                           Chicago, Illinois 60606
                                           Tel: 312-460-5000
                                           Fax: 312-460-7000

                                           *Attorneys for Plaintiff Victor Technology, LLC*

## **VERIFICATION**

I, John Ringlein, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, that I am an agent authorized to make this verification on behalf of Plaintiff Victor Technology, LLC, in the case captioned *Victor Technology, LLC v. The Supplier Hub*, filed in the United States District Court for the Northern District of Illinois, and have authorized the filing of this Verified Complaint. To the best of my knowledge, information, and belief, the allegations set forth herein are true, accurate and correct, either being known to me or having been made known to me by other Victor Technology, LLC employees or agents, or Victor Technology, LLC's records maintained in the ordinary course of business, except as to those allegations stated to be alleged upon information and belief, to which I believe them to be true.

*John Ringlein*
Victor Technology, LLC

Sworn to before me this
22nd day of Oct, 2020

**JURAT WITH AFFIANT STATEMENT**

State of ILLINOIS } ss.
County of WILL

☑ See Attached Document (Notary to cross out lines 1–7 below)
☐ See Statement Below (Lines 1–7 to be completed only by document signer[s], not Notary)

1. ___
2. ___
3. ___
4. ___
5. ___
6. ___
7. _John Ringlein_____

*Signature of Document Signer No. 1*

*Signature of Document Signer No. 2 (if any)*

Subscribed and sworn to (or affirmed) before me

this 22ND day of Oct, 2020 by
        Date        Month      Year

JOHN F. RINGLEIN
*Name of Signer No. 1*

MICHELLE MILLER
Official Seal
Notary Public - State of Illinois
My Commission Expires Dec 1, 2020

*Name of Signer No. 2 (if any)*

_Michelle M___
*Signature of Notary Public*

12/1/2020
*Any Other Required Information*
*(Residence, Expiration Date, etc.)*

*Place Notary Seal/Stamp Above*

──────── **OPTIONAL** ────────

*This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: VERIFIED COMPLAINT
Document Date: 10/22/2020       Number of Pages: ___
Signer(s) Other Than Named Above: ___

©2018 National Notary Association

M1304-06 (09/19)

# Exhibit A



*IoT BU*

*Network Solutions Business Unit*

February 16, 2018

To Whom It May Concern,

This is to certify that Victor Technology LLC (hereinafter referred to as "Victor") is our authorized importer and distributor of Sharp brand calculators for the United States and Latin America market territories.

The contents (copies) of product features, functions and specifications conveyed from Victor have been supervised by Sharp Corporation.
Please communicate exclusively with Victor for all matters related to Sharp calculators. This request is kindly made to all wholesalers, ecommerce resellers, dealers and traditional resellers involved.


Sincerely yours,

*[signature]*

Shinsuke Yamamoto
General Manager
Head of Network Solutions Business Unit


JPN-SCJ-2017-C0108292